UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA BLACKMAN-BAHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>SALLY JEWELL,<br><br>        Defendant. | Case No. 15-cv-01922-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

Now before the Court is the motion of Defendant Sally Jewell, Secretary, Department of Interior ("Defendant") to dismiss the Complaint filed by Plaintiff Sheila Blackman-Baham ("Plaintiff") (Docket No. 8). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons set forth below, the Court GRANTS the motion to dismiss, with leave to amend.[1]

**BACKGROUND**

For the purposes of this motion to dismiss, the Court takes the factual allegations in the Complaint as true. Plaintiff is a former Contract Specialist for the National Park Service, United States Department of the Interior. (Compl. ¶ 6(b), (e).) She began working at the National Park Service in November 2005. (*Id.* ¶ 6(b).) Her employment was terminated in April 2009. (*Id.* ¶ 6(x).)

---

[1] Additionally, the Court GRANTS Defendant's request for judicial notice of the Complaint, two Orders, and the Judgment filed in *Blackman-Baham v. Salazar*, No. C 10-02656 JSW (N.D. Cal.) (Docket No. 8-2). *See* Fed. R. Evid. 201(b). The Court does not reach Plaintiff's objection to the Declaration of Karen Glasgow in Support of Defendant's Motion to Dismiss, because the Court does not rely on the Glasgow declaration in ruling on the motion to dismiss.

1	Plaintiff's work was initially evaluated as "superior." (*Id.* ¶ 6(d).) However, in April
2	2008, Plaintiff attended a two week training course. (*Id.* ¶ 6(g).) When she returned, various
3	circumstances led her to believe that the Lead Contract Specialist and/or her First Line Supervisor
4	had improperly accessed the agency's electronic contracting database using Plaintiff's login
5	credentials, without her consent. (*Id.* ¶¶ 6(g)-(*l*).) She reported this to the Agency's Inspector
6	General, Information Security Office, and Manager of Information Systems. (*Id.* ¶ 6(m).) The
7	Information Security Officer determined that "several rules and regulations were broken" and
8	required Plaintiff's supervisor to document his actions while using Plaintiff's login credentials.
9	(*Id.* ¶ 6(n).)

10	After this incident, Plaintiff's supervisor began to take punitive personnel actions towards
11	Plaintiff. (*Id.* ¶ 6(p).) He criticized her via email and verbally in front of other employees, and
12	encouraged others to criticize her; reprimanded her; lowered her rating in her performance
13	evaluation, an action with consequences to her compensation and potential promotions; and
14	threatened her with suspension. (*Id.* ¶¶ 6(p)-(s), (v)-(x), (aa).) He employed another employee to
15	review Plaintiff's work, and this employee harassed Plaintiff and altered her timecards. (*Id.* ¶¶
16	6(t)-(u).) Plaintiff's supervisor also began to deny her accommodations that she had previously
17	been granted due to her own physical and mental health conditions and her caregiving
18	responsibilities for her mother and grandmother. (*Id.* ¶¶ 6(b)-(c), (w), (y)-(z), (bb)-(gg).) Finally,
19	Plaintiff was suspended for two weeks, and then her employment was terminated. (*Id.* ¶ 6(x),
20	(hh)-(ii).)

21	In addition, Plaintiff alleges that the agency failed to accommodate her physical health
22	conditions, even prior to her alleged whistleblower activities. "When first reporting to the
23	Agency," Plaintiff informed her supervisor that she had an injury. (*Id.* ¶¶ 6(b).) She alleges that
24	this injury was due to right knee surgery in 1999, which led to hip and back problems. (*Id.*) She
25	requested accommodation for her injury in May 2006, after her doctor told her to avoid prolonged
26	sitting and suggested an ergonomic review. (*Id.*) She alleges that she did not receive an
27	ergonomic review and a standup desk for approximately two years. (*Id.*) She further alleges that
28	the delay caused her "to suffer additional health issues, like depression and sciatica." (*Id.*)

2

On April June 17, 2010, Plaintiff filed a complaint with this Court alleging employment discrimination against Kenneth L. Salazar, then Secretary of the Department of the Interior. *See Blackman-Baham v. Salazar*, No. 10-cv-02656 (N.D. Cal. 2010). In the 2010 action, Plaintiff alleged discrimination on the basis of her disabilities, sex, whistleblower activity, and race or color; failure to accommodate her disabilities; retaliation for her whistleblower activity; and unlawful termination of her employment on the same bases and while she was sick with an on-the-job injury. (*Id.* Dkt. No. 1.) Plaintiff alleged that the discrimination occurred on or about April 11, 2009, the date of her termination. (*Id.*)

On December 10, 2010, this Court denied Plaintiff's application to proceed in forma pauperis and dismissed the complaint in the 2010 action with leave to amend. (*Id.* Dkt. No. 7.) In the 2010 action, Plaintiff alleged that she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), but alleged that she did so almost a year after her employment was terminated. (*Id.*) Because, in general, a charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice, 42 U.S.C. § 2000e-5(e)(1), the Court found that the complaint was untimely, and that Plaintiff had not shown equitable tolling. (No. 10-cv-02656, Dkt. No. 7.) However, the Court granted Plaintiff leave to amend, and referred her to the Legal Help Center in the courthouse. (*Id.*) The Court warned Plaintiff that failure timely to file an amended complaint would result in dismissal with prejudice. (*Id.*) Plaintiff did not file an amended complaint or any other filing in response to the Court's order, and, on January 28, 2011, the Court dismissed the 2010 action with prejudice and entered judgment. (*Id.* Dkt. Nos. 8, 9.) Plaintiff did not appeal.

Plaintiff filed this action on April 29, 2015. In Plaintiff's Complaint, she asserts claims pursuant to: (1) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., ("Title VII"); (2) the Whistleblowing Protection Act of 1989, 5 U.S.C. § 2302 (2012); (3) "Disability Discrimination"; and (4) the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq ("FMLA").

///
///
///

# ANALYSIS

## A.    All Claims in the Complaint Are Barred by Res Judicata.

Defendant moves for dismissal of Plaintiff's Complaint on the basis of res judicata. In Defendant's motion to dismiss, Defendant contended that Plaintiff's termination and whistleblower claims are precluded by res judicata. (Dkt. No. 8.) In reply to Plaintiff's opposition, however, Defendant contended that the opposition brief combined with the Complaint in this action and the 2010 action made clear that all of Plaintiff's claims barred by res judicata. (Dkt. No. 18.) The Court therefore gave the parties the opportunity to file supplemental briefs so that Plaintiff would have a full opportunity to respond to Defendant's contention that the entire case should be dismissed on the basis of res judicata. The supplemental briefs have now been filed and considered.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997)). "To trigger the doctrine of res judicata, the earlier suit must have (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens*, 244 F.3d at 714 (internal quotation marks and citation omitted). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). If the earlier action was resolved on the merits, res judicata bars all grounds of recovery in the later action that could have been asserted in the earlier action. *Id.* The relevant inquiry is not whether the claims being asserted actually were pursued in the earlier action, but whether they could have been pursued. *Id.* In determining whether two claims are the same, the Ninth Circuit employs the

following criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993) (citation omitted).

### 1. The Two Actions Involve the Same Parties or Privies.

There is no dispute that the two cases involve the same parties or privies. In each case, Plaintiff has sued the Secretary of the Department of the Interior, although the individual holding that office has changed.

### 2. The Two Actions Involve the Same "Claims" or Causes of Action.

The 2010 action involved the same "claims" or cause of action as this action. Although set forth in more detail in the current complaint, Plaintiff's claims for employment discrimination, retaliation, and termination on the basis of her race, sex, disability, and whistleblower activity, as well as her claim of failure to accommodate her disability, not only could have been, but actually were, alleged in the 2010 action.

Plaintiff's FMLA claim in the current action presents a closer question. No FMLA claim was alleged in the prior action. It plainly could have been, however. The FMLA arises arise "out of the same transactional nucleus of facts" as the other claims that were included in the 2010 action and again in the present action. *Nordhorn*, 9 F.3d at 1405.

In particular, the FMLA claim is inextricably intertwined with Plaintiff's claim of retaliation for her whistleblower activity, which was asserted in both actions. In the current complaint, Plaintiff alleges that her supervisor provided "reasonable accommodations" to permit her to care for her mother and her grandmother "until she made a disclosure to the agency's [Inspector General]. After the disclosure [her supervisor] harassed plaintiff and denied her leave for her care giving responsibilities." (Compl. ¶ 6(c).) Plaintiff also alleges that the absence from work that led to Plaintiff's suspension and termination was due, in part, to the fact that Plaintiff "was still dealing with her mother's critical care needs." (*Id.* ¶ 6(gg).) With such factual allegations, substantially the same evidence would need to be presented for Plaintiff's claims

5

relating to whistleblower protection, retaliation, and her termination as for her FMLA claim. *See Nordhorn*, 9 F.3d at 1405.

The fact that Plaintiff now "seek[s] new remedies under a new legal theory" does not mean that her FMLA claim involves infringement of a different right. *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868 (9th Cir. 1995) (applying Washington law). Plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in [the] prior action or by pleading a new legal theory." *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 957-59 (9th Cir. 2002) (holding that ERISA claim was barred where the plaintiff's prior action had been dismissed because his state law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid ERISA claim). A judgment in Plaintiff's favor on her FMLA claim in the present action would impair the judgment in Defendant's favor in the 2010 action on the closely intertwined claims relating to retaliation for whistleblower activity and Plaintiff's termination. Defendant is entitled to repose on those issues.

### 3. The 2010 Action Resulted in a Final Judgment on the Merits.

Proceedings in the 2010 action reached a final judgment on the merits. The action was dismissed with prejudice when Plaintiff failed timely to file an amended complaint. (No. 10-cv-02656, Dkt. No. 8.) A dismissal for failure to prosecute constitutes an adjudication on the merits for the purpose of res judicata. *Owens*, 244 F.3d at 714. Plaintiff's contention that res judicata may not be applied because no evidence was presented in the 2010 action, which was dismissed at the pleadings stage, is contrary to Ninth Circuit law. *See id.*

Plaintiff contends that she could not have brought her Title VII claims in the previous action because she had not yet received a necessary "right to sue" letter from the EEOC. *Id.* at 714-15. Therefore, she says, the 2010 action cannot be a final adjudication of those claims. However, Plaintiff could have sought a stay of the 2010 action for the purpose of pursuing Title VII administrative remedies, or could have sought leave to amend the 2010 action to include the Title VII claims. *Id.* at 715. She failed to exercise either option. Therefore, her Title VII claims are not exempt from the doctrine of res judicata in this subsequent action. *Id.*

6

1    Plaintiff also contends that this Court should not treat the judgment in the 2010 action as a
2    final judgment on the merits for the purpose of res judicata because to do so would be a violation
3    of due process. The Court denied Plaintiff's application to file her complaint in the 2010 action in
4    forma pauperis, in the same order dismissing her complaint with leave to amend. At the time, she
5    contends, she could not afford the filing fee. She argues that denial of leave to file a complaint in
6    forma pauperis should be without prejudice to the filing of a paid complaint. However, the 2010
7    action was not dismissed for failure to pay the filing fee. It was dismissed for failure to file an
8    amended complaint. Plaintiff was granted leave to amend, and could have filed an application for
9    leave to file the amended complaint in forma pauperis. The Court warned Plaintiff that failure to
10   file an amended complaint would result in the dismissal of her action with prejudice. Yet she did
11   not file an amended complaint. Nor did she file an amended motion for leave to proceed in forma
12   pauperis; a request for a stay of proceedings; a request for reconsideration of the order that
13   dismissal would be with prejudice; or even a notice of appeal. *Id.*; *see also Stewart*, 297 F.3d at
14   959 (noting that in first action, the plaintiffs "did not seek leave to amend or dismiss 'without
15   prejudice'"). She filed nothing, and a final judgment with prejudice was, accordingly, entered.

16   The Court notes, sua sponte, that there were facts which Plaintiff could have brought to the
17   attention of the Court in the 2010 action, had she filed an amended complaint when given leave to
18   do so, which might possibly have prevented dismissal based on statute of limitations and
19   administrative exhaustion grounds in that action. In her complaint in the 2010 action, Plaintiff
20   alleged that she had filed an EEOC complaint on March 21, 2010. The Court found that this was
21   more than 180 days after the termination of her employment on April 11, 2009, and therefore
22   untimely. (No. 10-cv-02656, Dkt. No. 7.) The attachments to the Complaint in this action,
23   however, indicate that Plaintiff also filed two other, prior complaints with the EEOC: one on
24   August 5, 2008 and another after her termination in April 2009. Even if this means that Plaintiff
25   timely exhausted her administrative remedies for at least some of her claims before filing the 2010
26   action, however, the Court can grant no relief from the operation of res judicata in the present
27   action. Plaintiff did not amend her complaint in the 2010 action to allege these facts, nor has she
28   filed a motion for relief from the judgment in the 2010 action to attempt to present these facts to

7

the Court.[2] In the 2010 action, the Court ruled based on the facts presented to it at that time. That "new evidence might change the outcome of the case does not affect application of" the doctrine of res judicata. *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003). Indeed, the "res judicata consequences of a final, unappealed judgment on the merits" would not even be "altered by the fact that the judgment may have been wrong." *Federated Dept. Stores, Inc. v. Moitie*, 452-U.S. 394, 398 (1981).

Because the facts of *Owens* are so closely aligned to those in this case, the Court is bound by that decision. All claims in this action are barred by res judicata. The 2010 action involved identical parties or privies; involved the same 'claim' or cause of action as the present case; and reached a final judgment on the merits. *See Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).

### B. Plaintiff's FMLA Claim Also Is Time-Barred.

Additionally, the only claim in this action not actually included in the 2010 action, although it could have been included, was Plaintiff's FMLA claim. The Court dismisses this claim for the additional reason that it is time-barred. An action for violation of the FMLA must be brought "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). Plaintiff does not allege the specific dates upon which her supervisors harassed her about her caregiving responsibilities to her mother and grandmother in violation of the FMLA. However, it is evident from the Complaint that these events occurred prior to the termination of Plaintiff's employment on April 11, 2009. Accordingly, the "date of the last event constituting the alleged [FMLA] violation," is, at the very latest, April 11, 2009. *Id.* Plaintiff filed her Complaint in this action on April 29, 2015, more than six years after her termination and more than four years after the statute of limitations expired.

---

[2] *Cf. In re Williams*, 298 F.3d 458, 461-462 & n. 3 (5th Cir. 2002) ("The fact that a judgment may be subject to a motion for relief under Fed.R.Civ.P. 60(b) does not affect the finality of the judgment. If the debtors wish to move for relief from the district court's [prior] order under Rule 60(b) on the ground that it was based on a mutual mistake, the debtors must do so in the district court that issued the order."). Of course, such a motion might be untimely. The Court does not, in the present action, address whether a motion in the 2010 action under Federal Rule of Civil Procedure 60(b)(1) would be timely or whether Plaintiff could meet the stringent standard for relief under Federal Rule of Civil Procedure 60(b)(6) or any other provision.

8

Plaintiff's opposition to the motion to dismiss indicates that she contends that equitable tolling may be available during this time because she was complying with the requirements of administrative exhaustion, but she provides no legal authority to support the position that her FMLA claims, which were not part of the EEOC proceedings, were equitably tolled for this reason. (Dkt. No. 15, at 11-12.) Nor does she plead, in her Complaint, any facts to support her suggestion that Defendant's deceptive conduct should provide a basis for tolling. (*Id.*) Accordingly, Plaintiff's FMLA claim is dismissed as time-barred in addition to being barred by res judicata.

### C. The Court Grants Leave to Amend.

Where the Court grants a motion to dismiss, the Court grants leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). The rule favoring liberality in amendments is particularly important for pro se litigants. *Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). An "amended complaint may only allege 'other facts consistent with the challenged pleading,'" *Reddy*, 912 F.2d at 297 (quoting *Schreiber Distrib. Co. v. Serv Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Here, it is not "absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, the Court grants leave to amend.

The Court does not reach Defendants' remaining arguments for dismissal.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. Plaintiff's Complaint is dismissed with leave to amend.

Plaintiff may file an amended complaint in accordance with the terms of this Order and consistent with the allegations of her original Complaint in this action by April 5, 2016. Defendants shall have 21 days thereafter to file their response thereto.

///

///

If no amended complaint is filed by April 5, 2016, this case shall be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: March 15, 2016

*[signature]*
JEFFREY S. WHITE
United States District Judge